## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROSA E. ARELLANO,** individually and as Special Administrator of the **Estate of JESUS ARELLANO**, deceased, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | **Case No.** _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **GIMECO, S.r.l., GIMECO, S.p.a., GIMECO U.S.A., VALMONT INDUSTRIES, INC., VALMONT COATINGS, INC.,** and **EMPIRE GALVANIZING, LLC,** | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

**COME NOW** Defendants, Valmont Industries, Inc. ("Valmont Industries") and Valmont Coatings, Inc. ("Valmont Coatings") (collectively the "Valmont Defendants") by and through their undersigned counsel and pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the above referenced action and remove this action to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, the Valmont Defendants state as follows:

### TIMELINESS OF REMOVAL

1. This civil action was originally filed in the Circuit Court of Cook County, Illinois on July 22, 2009 against Defendants GIMECO, S.p.l., GIMECO, S.p.a., and GIMECO U.S.A. (hereinafter the "GIMECO Defendants").

2. Plaintiffs filed their Amended Complaint on October 15, 2010 naming Valmont Industries, Valmont Coatings and Empire Galvanizing, LLC ("Empire") as additional defendants.

3.     Valmont Coatings was served with the Complaint and Summons on October 26, 2010. Valmont Industries was served with the Complaint and Summons on October 28, 2010.

4.     The Valmont Defendants' Notice of Removal is timely as it is filed within thirty (30) days of service of the Amended Complaint. The one-year time limitation for removal set forth in 28 U.S.C. § 1446(b) is not applicable as it applies only to cases that were not removable based on the initial pleading. *Save-A-Life Foundation, Inc. v. Heimlich*, 601 F. Supp. 2d 1005 (N.D. Ill. 2009). This case was removable when first filed because, as demonstrated herein in Paragraphs 9, 10, 11, 15 and 17, complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000, exclusive of interest and costs.

5.     True and correct copies of all process, pleadings and orders served upon the Valmont Defendants are attached hereto as Exhibit "A".

6.     A Notice of Filing this Notice of Removal along with a true and correct copy of this Notice of Removal will be promptly served upon plaintiffs' counsel and filed with the Circuit Court of Cook County, Illinois

7.     Defendants, GIMECO, S.r.l. and GIMECO U.S.A. consent to this Notice of Removal as evidenced by the signature of the counsel of GIMECO, S.r.l. to this Notice of Removal, and the signature of the representative of GIMECO U.S.A. to the Consent to Removal, attached hereto as Exhibit "B".

8.     GIMECO, S.p.a. is not required to consent to this Notice of Removal as it is no longer in existence and it was not in existence at the time of the occurrence alleged in Plaintiff's First Amended Complaint. In September 2004, GIMECO S.p.a. was transformed into GIMECO, S.r.l., and all GIMECO, S.p.a.'s risks and liabilities were transferred to GIMECO, S.r.l. To the extent possible, GIMECO, S.r.l. consents to removal on behalf of GIMECO S.p.a.

9.      Defendant Empire ceased to exist as of April 13, 2010.  On April 13, 2010,
Empire filed with the Delaware Secretary of State a Certificate of Cancellation canceling its
Certificate of Formation.  A true and correct copy of the Certificate of Cancellation certified by
the Delaware Secretary of State is attached hereto as Exhibit "C".  Under the Delaware Limited
Liability Company Act, Empire ceased to exist upon the filing of the Certificate of Cancellation.
6 Del. C. § 18-201(b).  As Empire is no longer in existence, it is not required to join in the Notice
of Removal.

## PARTIES

9.      On information and belief, Plaintiff, Rosa E. Arellano, individually and as special
administrator to the estate of Jesus Arellano, deceased, is a citizen of Cook County, Illinois.
Plaintiff is therefore a citizen of Illinois and no other state.

10.     At the commencement of this action and at all times herein mentioned, Defendant
GIMECO, S.r.l. is a foreign corporation with its principal place of business in Milano, Italy.
GIMECO, S.r.l. is therefore not a citizen of any state.

11.     At the commencement of this action and at all times herein mentioned, Defendant
GIMECO U.S.A. is a foreign corporation with its principal place of business in Milano, Italy.
GIMECO U.S.A. is therefore not a citizen of any state.

12.     At the commencement of this action and at all times herein mentioned, Defendant
Valmont Coatings is a Delaware corporation with its principal place of business in Valley,
Nebraska.  Valmont Coatings is therefore a citizen of Delaware and Nebraska and of no other
state.

13.     At the commencement of this action and at all times herein mentioned, Defendant
Valmont Industries is a Delaware corporation with its principal place of business in Valley,

Nebraska. Valmont Industries is therefore a citizen of Delaware and Nebraska and of no other state.

14.     As demonstrated in Paragraph 8 above, Empire ceased to exist as of April 13, 2010 and, thus, it is a nominal defendant and its citizenship need not be considered for diversity of citizenship purposes. "In determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal defendant with no real interest in the controversy will be disregarded." *Hann v. City of Clinton*, 131 F.2d 978, 981 (10th Cir. 1942); *Wallis v. Southern Silo Co., Inc.*, 369 F. Supp. 92, 96-97 (N.D. Miss. 1973); *Stonybrooks Tenants Ass'n, Inc. v. Alpert*, 194 F.Supp. 552, 556 (D. Conn. 1961).

15.     Likewise, Defendant, GIMECO, S.p.a. is a nominal defendant because it no longer exists and it has no assets or liabilities. The citizenship of GIMECO, S.p.a. is irrelevant for purposes of determining whether diversity of citizenship exists. Nevertheless, prior to September 2004, GIMECO, S.p.a. was a foreign corporation with its principal place of business in Milano, Italy. GIMECO, S.p.a. is therefore not a citizen of any state.

## FEDERAL DIVERSITY JURISDICTION

16.     Removal is proper because complete diversity exists between the parties at the time the initial pleading was filed, at the time the First Amended Complaint was filed, and at the time of filing this Notice of Removal. 28 U.S.C. § 1332.

17.     Plaintiff seeks to recover damages relating to the death of Jesus Arellano which under Illinois law includes loss of support, loss of society, medical expenses ($15,109.00), and funeral and burial expenses. At the time of Mr. Arellano's death, he was 50 years old and employed full time by Valmont Coatings at a rate of $16.27 per hour. He was married to Rosa

4

Arellano (age 35) and was the father of two minor children, Edith (age 6) and Jesus (age 4). The amount in controversy, therefore, exceeds the sum of $75,000, exclusive of interest and costs.

**WHEREFORE**, the Valmont Defendants request that the above-entitled action now pending against it in the Circuit Court of Cook County, Illinois, be removed therefrom to this Court and that this Court accept jurisdiction of the action; and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

DATED this _18th_ day of November, 2010.

Respectfully submitted,

**VALMONT COATINGS, INC. and
VALMONT INDUSTRIES, INC.**
Defendants

By:_____
Robert M. Winter
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL 60602
(312) 456-0374
(312) 782-6690 (fax)
RWinter@rsplaw.com

and

James J. Frost
Michaela A. Smith
McGrath, North, Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
(402) 341-0216 (fax)
jfrost@mcgrathnorth.com
msmith@mcgrathnorth.com

GIMECO, S.r.l., GIMECO, S.p.a.,
Defendants,

By: _John W. Patton, Jr._
John W. Patton, Jr.
Kevin Rasp
Patton & Ryan, LLC
330 North Wabash Avenue
#2900
Chicago, IL 60611
(312) 261-5160
jpatton@pattonryan.com
krasp@pattonryan.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of November, 2010, the above and foregoing **Notice of Removal** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

William J. Burke
Costello, McMahon, Burke, Murphy, Ltd.
150 N. Wacker Drive, Suite 3050
Chicago, Illinois 60606
wburke@costellaw.com

Robert M. Winter (3122228)
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, Illinois   60602
Attorneys for Valmont Coatings Inc. and
              Valmont Industries Inc.
(312) 782-9000

6

# EXHIBIT A

| 2120-Served | 2121-Served |
|---|---|
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served By Publication | 2421-Served By Publication |
| **SUMMONS** | **ALIAS SUMMONS** |



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROSA E. ARELLANO, individually
and as Special Administrator of the
Estate of JESUS ARELLANO, deceased,

       Plaintiff,

       v.

GIMECO, S.r.l., GIMECO, S.p.a.,
GIMECO U.S.A., VALMONT
INDUSTRIES, INC., VALMONT
COATINGS INC., and EMPIRE
GALVANIZING, LLC

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09 L 8581

*Please serve:*
Valmont Coatings, Inc.
c/o CT Corporation
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

## SUMMONS

To Defendant:

    **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS
SEAL    OCT 15 2010

Clerk of Court

Atty. No. 26146
Name: COSTELLO, MCMAHON, BURKE & MURPHY, LTD.
Address: 150 N. Wacker Drive, Suite 3050
City: Chicago, IL 60606
Phone: (312) 541-9700

Date of Service:...................., 2010
(To be inserted by officer on copy left
with Defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



EXHIBIT
A

 CT Corporation

**Service of Process Transmittal**
10/26/2010
CT Log Number 517504623

TO: Andy Massey, General Counsel
Valmont Industries, Inc.
One Valmont Plaza, 13815 FNB Parkway
5th Floor
Omaha, NE 68154-5215

RE: **Process Served in Illinois**

FOR: Valmont Coatings, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rosa E. Arellano, Individually and as Special Administrator of the Estate of Jesus Arellano, Deceased, Pltf. vs. Gimeco, S.r.l., et al. including Valmont Coatings Inc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), First Amended Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL<br>Case # 09L8581 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - Failure to Maintain Premises in a Safe Condition - 11/08/08 - 10909 Franklin Avenue, Franklin Park, IL - Pltfs. decadent fell from the galvanizing line |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/26/2010 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | William J. Burke<br>Costello, McMahon, Burke & Murphy<br>150 N. Wacker Drive<br>Suite 3050<br>Chicago, IL 60606<br>312-541-9700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/26/2010, Expected Purge Date: 10/31/2010<br>Image SOP<br>Email Notification, Andy Massey andrew.massey@valmont.com<br>Email Notification, Gary Lebens glebens@valmont.com<br>Email Notification, Shari Kuehl shari.kuehl@valmont.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>Thad DiBartelo<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2120-Served                 2121-Served
2220-Not Served            2221-Not Served
2320-Served By Mail        2321-Served By Mail
2420-Served By Publication    2421-Served By Publication
SUMMONS                 ALIAS SUMMONS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROSA E. ARELLANO, Individually      )
and as Special Administrator of the     )
Estate of JESUS ARELLANO, deceased,   )
                                 )    No. 09 L 3581
     Plaintiff,                  )
                                 )
     v.                       )    *Please serve:*
                                 )    Valmont Industries, Inc.
GIMECO, S.r.l., GIMECO, S.p.a.,       )    c/o The Corporation Trust Company
GIMECO U.S.A., VALMONT           )    Corporation Trust Center
INDUSTRIES, INC., VALMONT        )    1209 Orange Street
COATINGS INC., and EMPIRE        )    Wilmington, DE 19807
GALVANIZING, LLC               )
                                 )
     Defendants.             )

## SUMMONS

To Defendant:

     YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room #801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                                    Clerk of Circuit Court

                               WITNESS_____, 2010

                               _____ 2010

                                            Clerk of Court

Atty. No. 26146
Name: COSTELLO, MCMAHON, BURKE & MURPHY, LTD.
Address: 150 N. Wacker Drive, Suite 3050      Date of Service:_____2010
City: Chicago, IL 60606                    (To be inserted by officer on copy left
Phone: (312) 541-9700                        with Defendant or other person)

     DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

 CT Corporation

**Service of Process Transmittal**
10/28/2010
CT Log Number 517514080

TO: Andy Massey, General Counsel
Valmont Industries, Inc.
One Valmont Plaza, 13815 FNB Parkway
5th Floor
Omaha, NE 68154-5215

RE: **Process Served in Delaware**

FOR: Valmont Industries, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rosa E. Arellano, Individually and as Special Administrator of the Estate of Jesus Arellano, deceased, Pltf. vs. Glineco, S.r.L., et al. including Valmont Industries, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - Law Division, IL Case # 09 L 8581 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - On November 8, 2008, at 10909 Franklin Avenue, Franklin Park, Cook County, IL, Jesus Arellano died after falling from a galvanizing line while cleaning the galvanizing line |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/28/2010 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | William J. Burke Costello, McMahon, Burke, & Murphy 150 N. Wacker Drive, S. 3050 Chicago, IL 60606 312-541-9700 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/28/2010, Expected Purge Date: 11/02/2010 Image SOP Email Notification, Andy Massey andrew.massey@valmont.com. Email Notification, Gary Lebens glebens@valmont.com Email Notification, Shari Kuehl shari.kuehl@valmont.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROSA E. ARELLANO, individually )
and as Special Administrator of the )
Estate of JESUS ARELLANO, deceased, )
                                              )
      Plaintiff, )
                                              )
      v. )    No. 09 L 8581
                                              )
GIMECO, S.r.l., GIMECO, S.p.a., )
GIMECO U.S.A., VALMONT )
INDUSTRIES, INC., VALMONT )
COATINGS INC., and EMPIRE )
GALVANIZING, LLC )
                                              )
      Defendants. )

### First Amended Complaint

### COUNT I - (strict liability - Gimeco, S.r.l.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of

Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY,

and complaining of the defendant, GIMECO, S.r.l., states as follows:

    1.    Prior to November 8, 2008, defendant, GIMECO, S.r.l. was a corporation with its

principal place of business in Milan, Italy.

    2.    Prior to November 8, 2008, defendant, GIMECO, S.r.l. was a corporation engaged in

the manufacture of mechanical systems known as "galvanizing lines."

    3.    Prior to November 8, 2008, defendant, GIMECO U.S.A. was a corporation that was

affiliated with GIMECO, S.r.l. and acted as a sales agent for GIMECO, S.r.l..

    4.    On and prior to November 8, 2008, VALMONT INDUSTRIES, INC. was a

corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook

County, IL.

5.     On and prior to November 8, 2008, VALMONT COATINGS, INC. was a corporation licensed to do business in the State of Illinois and doing business at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

6.     On and prior to November 8, 2008, EMPIRE GALVANIZING, LLC., was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

7.     On November 8, 2008, the plaintiff, JESUS ARELLANO, was an employee of either VALMONT INDUSTRIES, INC., VALMONT COATINGS, INC., or EMPIRE GALVANIZING, LLC.

8.     Prior to November 8, 2008, defendant, GIMECO, S.r.l., designed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

9.     Prior to November 8, 2008, defendant, GIMECO, S.r.l., designed a galvanizing line that was later sold to VALMONT COATINGS, INC.

10.    Prior to November 8, 2008, defendant, GIMECO, S.r.l., designed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

11.    Prior to November 8, 2008, defendant, GIMECO, S.r.l., manufactured a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

12.    Prior to November 8, 2008, defendant, GIMECO, S.r.l., manufactured a galvanizing line that was later sold to VALMONT COATINGS, INC.

13.    Prior to November 8, 2008, defendant, GIMECO, S.r.l., manufactured a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

2

14. Prior to November 8, 2008, defendant, GIMECO, S.r.l., distributed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

15. Prior to November 8, 2008, defendant, GIMECO, S.r.l., distributed a galvanizing line that was later sold to VALMONT COATINGS, INC.

16. Prior to November 8, 2008, defendant, GIMECO, S.r.l., distributed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

17. Prior to November 8, 2008, defendant, GIMECO, S.r.l., sold a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

18. Prior to November 8, 2008, defendant, GIMECO, S.r.l., sold a galvanizing line that was later sold to VALMONT COATINGS, INC.

19. Prior to November 8, 2008, defendant, GIMECO, S.r.l., sold a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

20. Prior to November 8, 2008, defendant, GIMECO, S.r.l., installed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

21. Prior to November 8, 2008, defendant, GIMECO, S.r.l., installed a galvanizing line that was later sold to VALMONT COATINGS, INC.

22. Prior to November 8, 2008, defendant, GIMECO, S.r.l., installed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

23. On November 8, 2008, JESUS ARELLANO died after falling from the galvanizing line designed, manufactured, distributed, sold and installed by GIMECO, S.r.l.

24. On and prior to November 8, 2008, the galvanizing line designed, manufactured, distributed, sold and installed by defendant, GIMECO, S.r.l., was defective and unreasonably

3

dangerous in one or more of the following respects:

    a.   defectively designed the galvanizing line with an unguarded work platform at a height which presented an unreasonably dangerous condition to workers whom defendants knew or should have known would be using that area as a work platform;

    b.   defectively designed the galvanizing line without adequate access to high areas that required regular and expected cleaning and maintenance.

25. As a direct and proximate result of the defective and unreasonably dangerous condition of the galvanizing line, JESUS ARELLANO died on November 8, 2008.

26. JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

27. ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, GIMECO, S.r.l., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II - (negligence - Gimeco, S.r.l.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendant, GIMECO, S.r.l., states as follows:

1-23. Plaintiff adopts and realleges paragraphs 1 through 23 of Count I as paragraphs 1 through 23 of Count II.

24. On and prior to November 8, 2008, the defendant, GIMECO, S.r.l., was negligent in

one or more of the following respects:

    a.    improperly designed the galvanizing line with an unguarded work platform at a height which presented an unreasonably dangerous condition to workers whom defendants knew or should have known would be using that area as a work platform;

    b.    improperly designed the galvanizing line without adequate access to high areas that required regular and expected cleaning and maintenance.

25.    As a direct and proximate result of one or more of the negligent acts of the defendant, GIMECO, S.r.l., JESUS ARELLANO died on November 8, 2008.

26.    JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

27.    ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, GIMECO, S.r.l., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III - (strict liability - Gimeco, S.p.a.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendants, GIMECO, S.p.a., states as follows:

1.    Prior to November 8, 2008, defendant, GIMECO, S.p.a. was a corporation with its principal place of business in Milan, Italy.

2.    Prior to November 8, 2008, defendant, GIMECO, S.p.a. was a corporation engaged in

the manufacture of mechanical systems known as "galvanizing lines."

3. Prior to November 8, 2008, defendant, GIMECO U.S.A. was a corporation that was affiliated with GIMECO, S.p.a. and acted as a sales agent for GIMECO, S.p.a..

4. On and prior to November 8, 2008, VALMONT INDUSTRIES, INC. was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

5. On and prior to November 8, 2008, VALMONT COATINGS, INC. was a corporation licensed to do business in the State of Illinois and doing business at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

6. On and prior to November 8, 2008, EMPIRE GALVANIZING, LLC., was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

7. On November 8, 2008, the plaintiff, JESUS ARELLANO, was an employee of either VALMONT INDUSTRIES, INC., VALMONT COATINGS, INC., or EMPIRE GALVANIZING, LLC.

8. Prior to November 8, 2008, defendant, GIMECO, S.p.a., designed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

9. Prior to November 8, 2008, defendant, GIMECO, S.p.a., designed a galvanizing line that was later sold to VALMONT COATINGS, INC.

10. Prior to November 8, 2008, defendant, GIMECO, S.p.a., designed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

11. Prior to November 8, 2008, defendant, GIMECO, S.p.a., manufactured a galvanizing

6

line that was later sold to VALMONT INDUSTRIES, INC.

12. Prior to November 8, 2008, defendant, GIMECO, S.p.a., manufactured a galvanizing line that was later sold to VALMONT COATINGS, INC.

13. Prior to November 8, 2008, defendant, GIMECO, S.p.a., manufactured a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

14. Prior to November 8, 2008, defendant, GIMECO, S.p.a., distributed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

15. Prior to November 8, 2008, defendant, GIMECO, S.p.a., distributed a galvanizing line that was later sold to VALMONT COATINGS, INC.

16. Prior to November 8, 2008, defendant, GIMECO, S.p.a., distributed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

17. Prior to November 8, 2008, defendant, GIMECO, S.p.a., sold a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

18. Prior to November 8, 2008, defendant, GIMECO, S.p.a., sold a galvanizing line that was later sold to VALMONT COATINGS, INC.

19. Prior to November 8, 2008, defendant, GIMECO, S.p.a., sold a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

20. Prior to November 8, 2008, defendant, GIMECO, S.p.a., installed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

21. Prior to November 8, 2008, defendant, GIMECO, S.p.a., installed a galvanizing line that was later sold to VALMONT COATINGS, INC.

22. Prior to November 8, 2008, defendant, GIMECO, S.p.a., installed a galvanizing line

7

that was later sold to EMPIRE GALVANIZING, LLC.

23. On November 8, 2008, JESUS ARELLANO died after falling from the galvanizing line designed, manufactured, distributed, sold and installed by GIMECO, S.p.a.

24. On and prior to November 8, 2008, the galvanizing line designed, manufactured, distributed, sold and installed by defendant, GIMECO, S.p.a., was defective and unreasonably dangerous in one or more of the following respects:

      b. defectively designed the galvanizing line with an unguarded work platform at a height which presented an unreasonably dangerous condition to workers whom defendants knew or should have known would be using that area as a work platform;

      b. defectively designed the galvanizing line without adequate access to high areas that required regular and expected cleaning and maintenance.

25. As a direct and proximate result of the defective and unreasonably dangerous condition of the galvanizing line, JESUS ARELLANO died on November 8, 2008.

26. JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

27. ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, GIMECO, S.p.a., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV - (negligence - Gimeco, S.p.a.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of

Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY,

and complaining of the defendant, GIMECO, S.p.a., states as follows:

1-23.  Plaintiff adopts and realleges paragraphs 1 through 23 of Count III as paragraphs 1

through 23 of Count IV.

24.  On and prior to November 8, 2008, the defendant, GIMECO, S.p.a., was negligent in

one or more of the following respects:

      a.   improperly designed the galvanizing line with an unguarded work platform at
a height which presented an unreasonably dangerous condition to workers
whom defendants knew or should have known would be using that area as a
work platform;

      b.   improperly designed the galvanizing line without adequate access to high
areas that required regular and expected cleaning and maintenance.

25.  As a direct and proximate result of one or more of the negligent acts of the defendant,

GIMECO, S.p.a., JESUS ARELLANO died on November 8, 2008.

26.  JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA

ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

27.  ROSA ARELLANO, has been appointed Special Administrator of the Estate of

JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook

County, Illinois.  A copy of said order is attached hereto as Exhibit "A".

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus

Arellano, deceased, asks judgment against the defendant, GIMECO, S.p.a., in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT V - (strict liability - Gimeco, U.S.A.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of

9

Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendant, GIMECO, U.S.A., states as follows:

1.    Prior to November 8, 2008, defendant, GIMECO, U.S.A. was a corporation with its principal place of business in Milan, Italy.

2.    Prior to November 8, 2008, defendant, GIMECO, U.S.A. was a corporation engaged in the manufacture of mechanical systems known as "galvanizing lines."

3.    Prior to November 8, 2008, defendant, GIMECO U.S.A. was a corporation that was affiliated with GIMECO, U.S.A. and acted as a sales agent for GIMECO, U.S.A..

4.    On and prior to November 8, 2008, VALMONT INDUSTRIES, INC. was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

5.    On and prior to November 8, 2008, VALMONT COATINGS, INC. was a corporation licensed to do business in the State of Illinois and doing business at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

6.    On and prior to November 8, 2008, EMPIRE GALVANIZING, LLC., was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

7.    On November 8, 2008, the plaintiff, JESUS ARELLANO, was an employee of either VALMONT INDUSTRIES, INC., VALMONT COATINGS, INC., or EMPIRE GALVANIZING, LLC.

8.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., designed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

10

9.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., designed a galvanizing line that was later sold to VALMONT COATINGS, INC.

10.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., designed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

11.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., manufactured a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

12.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., manufactured a galvanizing line that was later sold to VALMONT COATINGS, INC.

13.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., manufactured a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

14.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., distributed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

15.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., distributed a galvanizing line that was later sold to VALMONT COATINGS, INC.

16.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., distributed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

17.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., sold a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

18.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., sold a galvanizing line that was later sold to VALMONT COATINGS, INC.

19.    Prior to November 8, 2008, defendant, GIMECO, U.S.A., sold a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

11

20. Prior to November 8, 2008, defendant, GIMECO, U.S.A., installed a galvanizing line that was later sold to VALMONT INDUSTRIES, INC.

21. Prior to November 8, 2008, defendant, GIMECO, U.S.A., installed a galvanizing line that was later sold to VALMONT COATINGS, INC.

22. Prior to November 8, 2008, defendant, GIMECO, U.S.A., installed a galvanizing line that was later sold to EMPIRE GALVANIZING, LLC.

23. On November 8, 2008, JESUS ARELLANO died after falling from the galvanizing line designed, manufactured, distributed, sold and installed by GIMECO, U.S.A.

24. On and prior to November 8, 2008, the galvanizing line designed, manufactured, distributed, sold and installed by defendant, GIMECO, U.S.A., was defective and unreasonably dangerous in one or more of the following respects:

        c. defectively designed the galvanizing line with an unguarded work platform at a height which presented an unreasonably dangerous condition to workers whom defendants knew or should have known would be using that area as a work platform;

        b. defectively designed the galvanizing line without adequate access to high areas that required regular and expected cleaning and maintenance.

25. As a direct and proximate result of the defective and unreasonably dangerous condition of the galvanizing line, JESUS ARELLANO died on November 8, 2008.

26. JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

27. ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

12

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, GIMECO, U.S.A., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI - (negligence - Gimeco, U.S.A.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendant, GIMECO, U.S.A., states as follows:

1-23.   Plaintiff adopts and realleges paragraphs 1 through 23 of Count V as paragraphs 1 through 23 of Count VI.

24.   On and prior to November 8, 2008, the defendant, GIMECO, U.S.A., was negligent in one or more of the following respects:

        a.   improperly designed the galvanizing line with an unguarded work platform at a height which presented an unreasonably dangerous condition to workers whom defendants knew or should have known would be using that area as a work platform;

        b.   improperly designed the galvanizing line without adequate access to high areas that required regular and expected cleaning and maintenance.

25.   As a direct and proximate result of one or more of the negligent acts of the defendant, GIMECO, U.S.A., JESUS ARELLANO died on November 8, 2008.

26.   JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

27.   ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois.  A copy of said order is attached hereto as Exhibit "A".

13

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, GIMECO, U.S.A., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT VII - (premises liability - Valmont Industries, Inc.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendants, VALMONT INDUSTRIES, INC., states as follows:

1.     On and prior to November 8, 2008, VALMONT INDUSTRIES, INC. was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

2.     On and prior to November 8, 2008, the defendant, VALMONT INDUSTRIES, INC., owned the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL, which contained a galvanizing line.

3.     On and prior to November 8, 2008, the defendant, VALMONT INDUSTRIES, INC., controlled the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL, which contained a galvanizing line.

4.     On and prior to November 8, 2008, the plaintiff's decedent, Jesus Arellano, was not an employee of the defendant, VALMONT INDUSTRIES, INC.

5.     On and prior to November 8, 2008, the plaintiff's decedent, Jesus Arellano, was an invitee on the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

6.     On November 8, 2008, the plaintiff, JESUS ARELLANO, as part of his assigned duties, was cleaning the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County,

14

IL.

    7.    On November 8, 2008, the plaintiff, JESUS ARELLANO, fell from the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

    8.    On November 8, 2008, the plaintiff, JESUS ARELLANO, died as a result of his fall from the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

    9.    On November 8, 2008, the defendant, VALMONT INDUSTRIES, INC., was guilty of negligence in one or more of the following respects:

    a.    Failed to provide JESUS ARELLANO with safe place to work.

    b.    Failed to provide a barricade or railing around the area of the galvanizing line from which JESUS ARELLANO was working.

    c.    Failed to warn JESUS ARELLANO of the danger of working on the galvanizing line.

    d.    Failed to instruct JESUS ARELLANO in the proper method of cleaning the galvanizing line.

    10.    As a direct and proximate result of one or more of the negligent acts of the defendant, VALMONT INDUSTRIES, INC., JESUS ARELLANO died on November 8, 2008.

    11.    JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

    12.    ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

    WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, VALMONT INDUSTRIES, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VIII - (premises liability - Valmont Coatings, Inc.)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendants, VALMONT COATINGS, INC., states as follows:

1.      On and prior to November 8, 2008, VALMONT COATINGS, INC. was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

2.      On and prior to November 8, 2008, the defendant, VALMONT COATINGS, INC., owned the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL, which contained a galvanizing line.

3.      On and prior to November 8, 2008, the defendant, VALMONT COATINGS, INC., controlled the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL, which contained a galvanizing line.

4.      On and prior to November 8, 2008, the plaintiff's decedent, Jesus Arellano, was not an employee of the defendant, VALMONT COATINGS, INC.

5.      On and prior to November 8, 2008, the plaintiff's decedent, Jesus Arellano, was an invitee on the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

6.      On November 8, 2008, the plaintiff, JESUS ARELLANO, as part of his assigned duties, was cleaning the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

7.      On November 8, 2008, the plaintiff, JESUS ARELLANO, fell from the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

8.      On November 8, 2008, the plaintiff, JESUS ARELLANO, died as a result of his fall

16

from the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

9. On November 8, 2008, the defendant, VALMONT COATINGS, INC., was guilty of negligence in one or more of the following respects:

    a. Failed to provide JESUS ARELLANO with safe place to work.

    b. Failed to provide a barricade or railing around the area of the galvanizing line from which JESUS ARELLANO was working.

    c. Failed to warn JESUS ARELLANO of the danger of working on the galvanizing line.

    d. Failed to instruct JESUS ARELLANO in the proper method of cleaning the galvanizing line.

10. As a direct and proximate result of one or more of the negligent acts of the defendant, VALMONT COATINGS, INC., JESUS ARELLANO died on November 8, 2008.

11. JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

12. ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, VALMONT COATINGS, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IX - (premises liability - Empire Galvanizing, LLC)

Now comes the plaintiff, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of the defendants, EMPIRE GALVANIZING, LLC, states as follows:

17

1.    On and prior to November 8, 2008, EMPIRE GALVANIZING, LLC was a corporation doing business in the State of Illinois at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

2.    On and prior to November 8, 2008, the defendant, EMPIRE GALVANIZING, LLC, owned the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL, which contained a galvanizing line.

3.    On and prior to November 8, 2008, the defendant, EMPIRE GALVANIZING, LLC, controlled the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL, which contained a galvanizing line.

4.    On and prior to November 8, 2008, the plaintiff's decedent, Jesus Arellano, was not an employee of the defendant, EMPIRE GALVANIZING, LLC.

5.    On and prior to November 8, 2008, the plaintiff's decedent, Jesus Arellano, was an invitee on the premises located at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

6.    On November 8, 2008, the plaintiff, JESUS ARELLANO, as part of his assigned duties, was cleaning the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

7.    On November 8, 2008, the plaintiff, JESUS ARELLANO, fell from the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

8.    On November 8, 2008, the plaintiff, JESUS ARELLANO, died as a result of his fall from the galvanizing line at 10909 Franklin Avenue, Franklin Park, Cook County, IL.

9.    On November 8, 2008, the defendant, EMPIRE GALVANIZING, LLC, was guilty of negligence in one or more of the following respects:

18

    a. Failed to provide JESUS ARELLANO with safe place to work.

    b. Failed to provide a barricade or railing around the area of the galvanizing line from which JESUS ARELLANO was working.

    c. Failed to warn JESUS ARELLANO of the danger of working on the galvanizing line.

    d. Failed to instruct JESUS ARELLANO in the proper method of cleaning the galvanizing line.

10.   As a direct and proximate result of one or more of the negligent acts of the defendant, EMPIRE GALVANIZING, LLC, JESUS ARELLANO died on November 8, 2008.

11.   JESUS ARELLANO, deceased, left as his surviving heirs, his spouse, ROSA ARELLANO, and his two minor children, Edith Arellano and Jesus Arellano Jr.

12.   ROSA ARELLANO, has been appointed Special Administrator of the Estate of JESUS ARELLANO, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

WHEREFORE, ROSA E. ARELLANO, as Special Administrator of the Estate of Jesus Arellano, deceased, asks judgment against the defendant, EMPIRE GALVANIZING, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

William J. Burke
Attorney No. 25331

Costello, McMahon, Burke, & Murphy - 26146
Attorneys for Petitioner
150 N. Wacker Drive, S. 3050
Chicago, IL 60606
Phone (312) 541-9700
Fax (312) 541-0520

19

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSA E. ARELLANO, individually and of Special )
Administrator of the ESTATE OF JESUS )
ARELLANO, deceased, )
           )
            Plaintiff, )
           )
       v. )
           )
GIMECO, S.r.l., GIMECO, S.p.a., GIMECO U.S.A., )
VALMONT INDUSTRIES, INC., VALMONT )
COATINGS, INC. and EMPIRE GALVANIZING, )
LLC, )
           )
           Defendants. )

## CONSENT TO REMOVAL

Now comes GIMECO U.S.A., pursuant to the undersigned representative, and hereby

consents to the removal of this action to this Court from the Circuit Court of Cook County,

Illinois

Respectfully submitted,

GIMECO U.S.A.

By: _____

Title: _____OWNER_____

EXHIBIT

B

# EXHIBIT C

State of Delaware
Secretary of State
Division of Corporations
Delivered 03:00 PM 04/13/2010
FILED 02:49 PM 04/13/2010
SRV 100378606 - 3024293 FILE

# STATE OF DELAWARE
## CERTIFICATE OF CANCELLATION

1.  The name of the limited liability company is Empire Galvanizing, LLC

2.  The Certificate of Formation of the limited liability company was filed on
    March 31, 1999

IN WITNESS WHEREOF, the undersigned has executed this Certificate of
Cancellation this 13 day of April , A.D. 2010 .

By: _Mark J. Kepf_
Authorized Person(s)

Name: Mark J. Kepf
Print or Type



EXHIBIT
C



*Delaware*          PAGE  1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT

COPY OF THE CERTIFICATE OF CANCELLATION OF "EMPIRE GALVANIZING,

LLC", FILED IN THIS OFFICE ON THE THIRTEENTH DAY OF APRIL, A.D.

2010, AT 2:49 O'CLOCK P.M.

3024293   8100

101067422

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 8338297

DATE: 11-08-10