Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7455 | **DATE** | 4/7/2011 |
| **CASE TITLE** | Arellano v. GIMECO, S.r.l., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's motion to remand [16, 23] is denied. Status hearing set for 4/28/2011 at 9:00 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before this Court is Plaintiff's motion for remand to state court. For the reasons that follow, the motion is denied.

### I. BACKGROUND

This is a products liability and wrongful death lawsuit arising from the death of Jesus Arrellano. Plaintiff Rosa Arellano, the special administrator of the deceased's estate, resides in Cook County, Ill. The complaint alleges that Arrellano was an employee of Valmont Coatings, Inc. who died after falling from a galvanizing line designed and manufactured by GIMECO, S.r.1. Plaintiff initially filed her complaint in Cook County Circuit Court, naming GIMECO, S.r.1., and affiliated companies, GIMECO U.S.A., and GIMECO, S.p.a. ("GIMECO Defendants"). GIMECO, S.r.l., a foreign corporation located in Milan, Italy, attempted to remove the case to federal court. But its notice of removal was untimely, so the parties agreed that the case should remain in state court and GIMECO, S.r.1. withdrew its notice of removal. (See 10 C 2993, DE 15.)

Plaintiff then filed an amended complaint in Cook County Circuit Court naming the GIMECO Defendants and adding Valmont Industries, Inc., Valmont Coatings, Inc., and Empire Galvanizing, LLC. Valmont Industries and Valmont Coatings ("Valmont Entities") are Delaware corporations with their principal place of business in Valley, Nebraska. Empire Galvanizing was a Delaware corporation that is no longer in business. The Valmont Entities removed the case to federal court on Nov. 18, 2010, pursuant to 28 U.S.C. § 1441 and based on diversity jurisdiction. Plaintiff then voluntarily dismissed the Valmont Entities from the case and sought remand to state court on Jan. 28, 2011. (Plaintiff has actually filed two motions to remand, with the second one dated Feb. 17, 2011, but the motions are the same.)

| STATEMENT |
|---|

The GIMECO Defendants opposed remand and moved for leave to file a third-party complaint against the Valmont Entities. The Court granted that motion. Subsequently, the Court granted the Valmont Entities' motion to file a response in opposition to Plaintiff's motion to remand.

## II. ANALYSIS

Plaintiff argues that because she dismissed the Valmont Entities from the case, the case is in the same posture it was at the time of the GIMECO S.r.1's failed attempt at removal, and so it should be remanded to state court. The GIMECO Defendants and Valmont Entities argue that remand is improper because the Court has diversity jurisdiction over the case and because the motion to remand is untimely. The Court agrees with the latter argument.

Plaintiff did not challenge the Valmont Entities' removal of the case at the time it occurred or dispute that complete diversity existed between the parties. Under 28 U.S.C. § 1447(c), "A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." Remand for lack of subject-matter jurisdiction is appropriate at any point in the case before final judgment is entered. *Id*.

Notably, complete diversity still existed between Plaintiff and the GIMECO Defendants following her dismissal of the Valmont Entities. Plaintiff cites no case law supporting her position that the case should be remanded to state court despite the continuing presence of diversity jurisdiction under 28 U.S.C. § 1332. The Court's conclusion that jurisdiction is proper is only bolstered by the fact that since the filing of Plaintiff's motion, the Valmont Entities have been named as third-party defendants, meaning the case is in substantially the same posture as it was when it was properly removed by the Valmont Entities.

Further, the Seventh Circuit has repeatedly held that events subsequent to removal are not grounds for remand. *See In re Burlington Northern Santa Fe Ry. Co*., 606 F.3d 379, 380–81 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal and nothing filed after removal affects jurisdiction"); *Gossmeyer v. McDonald*, 128 F.3d 481, 487–88 (7th Cir. 1997) ("Once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal."). Similarly, the Seventh Circuit has expressed concern that allowing a plaintiff's post-removal amendments to affect subject-matter jurisdiction could lead to forum manipulation. *In re Burlington Northern Santa Fe Ry. Co*., 606 F.3d at 381. In light of this precedent, Plaintiff's post-removal dismissal of the Valmont Entities does not warrant remand.

## III. CONCLUSION

For these reasons, Plaintiff's motion to remand is denied.